IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-02193-SKC-TPO

KELIN CLEMENT

    Plaintiff,

v.

JEFFERSON COUNTY SCHOOL DISTRICT R-1,

    Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION (DKT. 31)**

Now before the Court is the Recommendation of Magistrate Judge Timothy P. O'Hara. The Recommendation suggests the undersigned deny Defendant Jefferson County School District R-1's Motion to Dismiss (MTD) addressing Plaintiff Kelin Clement's fourth claim (Dkt. 19), and, because the parties agree the other claims should be dismissed with prejudice, dismiss Plaintiff's first, second, third, and fifth claims against Defendant as agreed. Dkt. 31, pp.1, 8-9, 20. As explained below, because the Court has satisfied itself that there is no clear error on the face of the record, the Court AFFIRMS and ADOPTS the Recommendation.

1

**BACKGROUND**

This action results from Defendant's employment termination of Plaintiff as the Head Varsity Coach for Bear Creek High School's girls basketball team. *Id.* at pp.2, 6. At the time the only openly LGBTQ+ (lesbian, gay, bisexual, transgender, queer, etc.) female head coach at Bear Creek High School, Plaintiff brought this action alleging various discrimination and retaliation claims. *Id.* at p.7, 16. The parties agreed to dismiss with prejudice her first, second, third, and fifth claims. *Id.* at p.8. Her remaining claim four alleges sex discrimination under Title VII. *Id.* at p.7.

**FINDINGS AND ORDERS**

The Recommendation advised the parties they had 14 days after service of the Recommendation to serve and file specific written objections to the Recommendation for this Court's consideration, citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). No party filed objections. As a result, they have waived *de novo* review of the Recommendations by this Court. *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

When no party files objections, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas,* 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court, therefore, reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983

Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

The Recommendation is detailed and thorough and contains no clear error on the face of the record. And it correctly applies the law. In it, Judge O'Hara recommends this Court dismiss with prejudice the claims the parties have agreed should be—Claims 1, 2, 3, and 5 – and deny Defendant's MTD (Dkt. 19) seeking dismissal of her Claim 4. Dkt. 31, p.20. He correctly applies the *McDonnell Douglas* standard to a motion to dismiss a complaint alleging indirect evidence of discrimination. *Id.* at pp.11, 19-20. Further, he aptly determines Plaintiff adequately alleges sufficient facts to support her Claim 4 at this stage of the litigation. *Id.* at pp.12-15. Thus, he correctly recommends denying Defendant's MTD.

As mentioned, this Court has reviewed the Recommendation and the entire record in this case and finds the Recommendation results in a correct outcome based upon the facts and the law as presented. In the absence of any objections by any party, and finding "no clear error on the face of the record," this Court AFFIRMS and ADOPTS the Recommendation. The Court ORDERS Plaintiff's Claims 1, 2, 3, and 5 are DISMISSED WITH PREJUDICE, and Defendant's MTD Claim 4 (Dkt. 19) is DENIED.

DATED: September 16, 2025.

BY THE COURT:

S. Kato Crews
United States District Judge